IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

JOHN GEILOW AND KATHY GEILOW,

        Plaintiffs,

v.                                       No. CIV 09-0581 RB/RLP

RICHARD LEDBETTER,

        Defendant.

<u>MEMORANDUM OPINION AND ORDER</u>

This matter came before the Court on Defendant's Motion to Dismiss (Doc. 14), filed on November 25, 2009. Jurisdiction arises under 28 U.S.C. § 1331 and 1367. Having considered the submissions and arguments of counsel, relevant law, and being otherwise fully advised, I find that this motion should be granted and this matter should be dismissed.

**I.      Background.**

Plaintiffs (herein collectively "the Geilows") own a home and reside at 119 Cedar Lane Drive, Moriarty, Torrance County, New Mexico. (Doc. 1.) The Geilows operate a boarding kennel, known as "Canine Camp," and breed, train, and show Great Dane dogs. (Doc. 1.) Additionally, the Geilows provide rescue and placement services for Great Dane dogs through Great Dane Rescue of the Southwest, a New Mexico non-profit corporation with its principal place of business listed at their property. (*Id.*)

On April 22, 1991, Torrance County issued to the Geilows a Certificate of Non-Conformance that allowed them to breed, raise, train, and show Great Dane dogs and operate kennels on their property as a "grand fathered use." (*Id.*)

Defendant Ledbetter ("Sergeant Ledbetter") is a law enforcement officer, who has been employed by Torrance County as an animal control officer and a planning and zoning enforcement

officer.  (Doc. 1.)

On July 27, 2005, the Board of County Commissioners for Torrance County held a public meeting to consider a proposed new animal control ordinance.  (Doc. 1.)  At the meeting, Sergeant Ledbetter expressed his support for the proposed ordinance.  (*Id.*)  Mrs. Geilow spoke at the meeting and expressed her opposition to the proposed new animal control ordinance and stated that (1) the proposed new animal control ordinance was superfluous and in conflict with existing state law and county ordinances, (2) neither the state nor Torrance County adequately enforced the existing laws and ordinances, and (3) any concerns could be addressed by adequate enforcement of the existing laws and ordinances.  (*Id.*)  The Board of County Commissioners rejected the proposed ordinance and invited Mrs. Geilow and others to prepare and offer an alternative proposed animal control ordinance for its consideration at a future meeting.  (Doc. 1.)

On August 4, 2005, Sergeant Ledbetter stated that he had reviewed Torrance County records to determine which kennels and dog breeding facilities in Torrance County were licensed and identified the Geilow property as a licensed kennel and dog breeding facility.  (Doc. 1.)  However, in a letter dated September 9, 2005, Sergeant Ledbetter accused the Geilows of violating the Certificate of Non-Conformance and the Torrance County Planning & Zoning Ordinance and warned the Geilows that they faced criminal prosecution for those violations.  (*Id.*)

In a letter dated September 23, 2005, the Geilows, through counsel, maintained that they were in compliance with the Certificate of Non Conformance and the ordinance, and, as enclosures to the letter, provided Sergeant Ledbetter with a copy of the Certificate of Nonconformance, and a copy of the Geilows' 2005-06 Business Registration Certificate for Canine Camp issued by Torrance County.  (Doc. 1.)

In a letter dated September 27, 2005, Sergeant Ledbetter informed the Geilows that they

were required to apply for, and to pay an annual fee for, a Special Use District permit from the Torrance County Planning and Zoning Department, and to apply and pay for an additional business registration. (Doc. 1.) Sergeant Ledbetter warned the Geilows that he would seek authority to search their property. (*Id.*)

In a letter dated October 24, 2005, the Geilows, through counsel, responded that, due to their valid Certificate of Non-Conformance, their compliance with it, and their valid business registration, the Geilows were not required to apply for a Special Use District permit or an additional business registration. (Doc. 1.) The Geilows stated that Sergeant Ledbetter had no probable cause to search their property or to accuse them of an offense. (*Id.*)

On November 8, 2005, Sergeant Ledbetter filed, in the Torrance County Magistrate Court, (1) a criminal summons and a complaint against Mr. Geilow, styled *State v. John Geilow*; No. M-192-MR-200500113, alleging that Mr. Geilow had committed four offenses in violation of the Torrance County Planning & Zoning Ordinance, §§90-3-6, 90-3-11.B., and 90-3-20, and the Torrance County Business Registration Ordinance, §93-10; and (2) a criminal summons and a complaint against Mrs. Geilow, styled *State v. Kathy Geilow*; No. M-192-MR-200500112, alleging that she had committed four offenses in violation of the Torrance County Planning & Zoning Ordinance, §§90-3-6, 90-3-11.B., and 90-3-20, and the Torrance County Business Registration Ordinance, §93-10. (Doc. 1.) Sergeant Ledbetter alleged that he had conducted an audit of the Torrance County records on September 1, 2005 and that, based on the audit, the Geilows used the Geilow property and operated a business in violation of county ordinances. (Doc. 1.)

On November 23, 2005, the Geilows, through their attorney, sent Torrance County a New Mexico Tort Claims Act notice, reiterating their position that Sergeant Ledbetter's allegations, charges and complaints were without foundation. (Doc. 1.)

Sergeant Ledbetter prosecuted the criminal complaints against the Geilows.  (Doc. 1.)  On June 13, 2006, Magistrate Judge Thomas Pestak dismissed all criminal charges against the Geilows with prejudice. (*Id.*)

On June 11, 2009, the Geilows filed this civil action asserting the following claims: retaliation for exercise of the First Amendment right to freedom of expression under 42 U.S.C. §1983 (Count I); deprivation of the Fourth Amendment right to be free from prosecution without probable cause 42 U.S.C. §1983 (Count II); and malicious abuse of process under New Mexico law (Count III).  The Geilows request compensatory damages, punitive damages, costs, attorney fees, pre-judgment interest, and post-judgment interest.  (Doc. 1.)

Sergeant Ledbetter has moved to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), asserting that: (1) Count I, the First Amendment retaliation claim, is barred by the statute of limitations; (2) Count II, the Fourth Amendment claim, fails to state a claim for which relief can be granted; and (3) Count III, the state law claim for malicious abuse of process, is barred by the statute of limitations.  (Doc. 14.)

## II.    Standard.

Rule 12(b)(6) authorizes a court to dismiss for failure to state a claim.  Fed. R. Civ. P. 12(b)(6).  "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim for relief that is plausible on its face.' " *Ashcroft v. Iqbal*, ___ U.S. ___, 129 S.Ct. 1937, 1949 (2009) (*quoting Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In ruling on a motion to dismiss, a court assumes the truth of the factual allegations and asks whether the plaintiff is plausibly entitled to relief.  *Christy Sports, LLC v. Deer Valley Resort Co.*, 555 F.3d 1188, 1191 (10th Cir. 2009).  While the complaint "does not need detailed factual allegations," the "[f]actual allegations must be enough to raise a right to relief above the speculative

level." *Twombly*, 550 U.S. 555.  The question is whether, if the allegations are true, it is plausible, and not merely possible, that the plaintiff is entitled to relief under the relevant law.  *Robbins v. Okla.*, 519 F.3d 1242, 1247 (10th Cir. 2008).  Conclusory allegations are not enough to withstand a motion to dismiss pursuant to Rule 12(b)(6).  *See Cory v. Allstate Ins.,* 583 F.3d 1240, 1244-45 (10th Cir. 2009).

**III.   Discussion.**

  **A.  Count I is barred by the statute of limitations.**

   Sergeant Ledbetter contends that the Geilows' § 1983 First Amendment retaliation claim is barred by the statute of limitations.  In §1983 actions, "state law determines the appropriate statute of limitations and accompanying tolling provisions."  *Fratus v. Deland*, 49 F.3d 673, 675 (10th Cir. 1995).  A § 1983 claim arising in New Mexico is subject to the three-year personal injury statute of limitations set forth in N.M. Stat. Ann. § 37-1-8.  *Mondragon v. Thompson*, 519 F.3d 1078, 1081 (10th Cir. 2008).  Indeed, the parties agree that the applicable statute of limitations is three years. The parties disagree as to when the claim accrued.

   While state law supplies the statute of limitations for claims under § 1983, federal law "determines the date on which the claim accrues and the limitations period starts to run." *Mondragon*, 519 F.3d at 1082 (citing *Wallace v. Kato*, 549 U.S. 384 (2007)).  A Section 1983 action "accrues when facts that would support a cause of action are or should be apparent."  *Fratus*, 49 F.3d at 675 (quotations omitted)  "In general, under the federal discovery rule, claims accrue and the statute of limitations begins to run when the plaintiff knows or has reason to know of the existence and cause of the injury which is the basis of his action."  *Alexander v. Okla.*, 382 F.3d 1206, 1215 (10th Cir. 2004) (internal quotation and citation omitted).

   The Geilows assume that the claim accrued on June 13, 2006, when the magistrate judge

dismissed the charges.  This assumption is flawed for at least two reasons.  First, it conflates the elements of the First Amendment retaliation claim with a Fourth Amendment malicious prosecution claim.  The latter requires favorable termination of the criminal charges as a prerequisite, *Heck v. Humphrey*, 512 U.S. 477, 484-86 (1994), while the former does not require termination of the charges in the plaintiff's favor.[1]  *See Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007).  In other words, the First Amendment retaliation claim could have been brought before the favorable termination of the criminal charges.

Additionally, the Geilows' position confuses an alleged absence of probable cause with acquittal.  It is true that a plaintiff must plead the absence of probable cause to state a §1983 First Amendment retaliation claim.  *Hartman v. Moore*, 547 U.S. 250, 261 (2006).  However, acquittal of the criminal charges is not a prerequisite for such a claim.  *See Becker*, 494 F.3d at 925 (analyzing First Amendment retaliation claim where charges were dropped before trial).  Indeed, Judge Browning recently considered this distinction and concluded "[p]roof of the absence of probable cause does not require adjudication on the underlying case, and therefore should not be the determinative factor for accrual of a First-Amendment retaliation claim."  *Mata v. Anderson*, ____ F.Supp.2d ____, 2010 WL 520277 *13 (D. N.M. Jan. 13, 2010).  Thus, the objective determination of probable cause is independent of the outcome of the criminal case.

In determining when a cause of action accrues, the Tenth Circuit focuses on "whether the plaintiff knew of facts that would put a reasonable person on notice that wrongful conduct caused

---

[1] The elements of a §1983 First Amendment retaliation claim are (1) the plaintiff engaged in a constitutionally protected activity; (2) the defendant's action caused her to suffer an injury that would chill a person of ordinary firmness from continuing to engage in that activity; (3) the defendant's action was substantially motivated as a response to her exercise of her First Amendment speech rights; and (4) the defendant lacked probable cause for the prosecution. *Becker v. Kroll*, 494 F.3d 904, 925 (10th Cir. 2007).

the harm. In this context, a plaintiff must use reasonable diligence in seeking to discover facts giving rise to a claim for relief." *Alexander*, 382 F.3d at 1216 (internal quotations and citations omitted). In this case, the Geilows sent Torrance County a tort claims notice on November 23, 2005, asserting that the charges were without foundation.  Clearly, the Geilows had knowledge of their injury when Sergeant Ledbetter filed the criminal complaints against them on November 5, 2005.  Tenth Circuit case law requires nothing more to start the running of the statute of limitations.  *Id.*  Therefore, the applicable three-year statute of limitations had run by the time Plaintiffs filed their federal Complaint on June 11, 2009.  Accordingly, the motion to dismiss will be granted as to Count I, the §1983 First Amendment retaliation claim.

### B.      Count II fails to state a claim under Rule 12(b)(6).

In order to establish a § 1983 Fourth Amendment malicious prosecution claim, a plaintiff must prove that the defendant initiated or continued a proceeding against him without probable cause. *Becker*, 494 F.3d at 913-14.  In that malicious prosecution claims are Fourth Amendment claims, a plaintiff must prove that he or she was also seized in order to prevail. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).  The Tenth Circuit has expressly declined "to expand Fourth Amendment liability in cases where the plaintiff has not been arrested or incarcerated." *Becker*, 494 F.3d at 915.

The Geilows have not alleged that they were subjected to a seizure as a result of the criminal proceedings.  The only deprivation the Geilows claim to have suffered was that they were required to appear at two pretrial hearings and prepare for trial before their motions to dismiss the criminal charges were granted.  Such deprivations are insufficient to establish that the Geilows were the victims of malicious prosecution under the Fourth Amendment. *See Nielander v. Bd. of County Comm'rs*, 582 F.3d 1155, 1164 (10th Cir. 2009) (holding that the plaintiff failed to state a § 1983 malicious prosecution claim where his travel was restricted and he was precluded from starting an

out-of-state job).  The Geilows have failed to state a Fourth Amendment violation on which to base their malicious prosecution claim.  Assuming the truth of the Geilows' allegations, it is neither plausible, nor possible, that they are entitled to relief on their § 1983 Fourth Amendment malicious prosecution claim.  For this reason, Count II will be dismissed pursuant to Rule 12(b)(6).

        **C.**      **Count III is barred by the statute of limitations.**

The Geilows concede that the state law claim for malicious abuse of process is barred by the applicable two-year statute of limitations applicable to claims brought under the New Mexico Tort Claims Act.  *See* N.M. Stat. Ann. § 41-4-15(A).  Given the concession, the motion to dismiss will be granted as to Count III.

**THEREFORE,**

        **IT IS ORDERED** that Defendant's Motion to Dismiss (Doc. 14), filed on November 25, 2009, is **GRANTED**.

_____
**ROBERT C. BRACK**
**UNITED STATES DISTRICT JUDGE**